IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

SCOTT A. SEARS,

        Plaintiff,

v.                                         CIVIL ACTION NO.: 5:20CV195
                                                (BAILEY)

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

# REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and LR Civ P 9.02 regarding Social Security Cases, this action to review the final decision of the Commissioner of Social Security has been referred to the Magistrate Judge for review, and report and recommendations.

Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis [ECF NO. 2]. "When a plaintiff seeks to proceed *in forma* pauperis, the court conducts a preliminary review of the lawsuit before allowing the case to proceed….This includes cases filed by non-prisoners." *Black v. Dep't of Veteran Affairs*, 3:18-cv-193, 2018 WL 6978109 (Dec. 6, 2018 N.D.W.Va.). *See also Silo v. Social Sec. Admin.*, 69 F.3d 649909 (4th Cir. 1995) (affirming dismissal of action challenging suspension of social security benefits as frivolous under 28 U.S.C. § 1915). Accordingly, because Plaintiff seeks leave to proceed *in forma pauperis*, the Court must conduct a preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915.

According to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A case

is often dismissed *sua sponte* (i.e., on the Court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831 (1989). When reviewing pro se complaints, the Court must construe them liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Liberally construed, Plaintiff's Complaint alleges that the Social Security Administration violated his due process rights by failing to appoint counsel to prosecute his claim for social security benefits through the administrative proceedings. *See* ECF No. 1 (stating that 'you cannot proceed in a court proceeding without a lawyer as this violates the due process law of the USA'). This is the only substantive claim asserted by Plaintiff in his Complaint.

While a social security claimant has the right to be represented by counsel at an administrative hearing under the Social Security Act, such a claimant is not required to be represented at a Social Security proceeding. *Roseberry v. Colvin*, 3:15-cv-04895, 2016 WL 1737121, at *12 (S.D.W.Va. May 2, 2016) (citing *Sims v. Harris*, 631 F.2d 26, 27-28 (4th Cir. 1980) and *Marsh v. Harris*, 632 F.2d 396, 300 (4th Cir. 1980)). Indeed, "the Secretary has no duty to insist that claimant have counsel" at a social security proceeding, and "lack of representation is not by itself an indication that a hearing was not full and fair." *Roseberry,* 2016 WL 1737121, at *12 (internal citations and quotations omitted). Therefore, the mere fact that Plaintiff was not represented does not entitle him to relief in the instant action. Taken a step further, the failure of the ALJ to appoint counsel to Plaintiff during the underlying proceedings clearly does not entitle Plaintiff to relief in this action.

Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted. As a result, the undersigned **RECOMMENDS that Plaintiff's Complaint [ECF No. 1] be**

**DISMISSED WITHOUT PREJUDICE**. Additionally, the undersigned **RECOMMENDS** that **Plaintiff's Motion for Leave to Proceed** *in Forma Pauperis* **[ECF No. 2] be DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may file written objections identifying the portions of the Report and Recommendation to which objections are made and the basis for such objections with the Clerk of the Court.

A copy of such objections should also be submitted to the Honorable JOHN PRESTON BAILEY, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: 9/17/2020

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE