IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

SCOTT ALLEN SEARS,

    Plaintiff,

v.

CIVIL ACTION NO. 5:20-CV-195
Judge Bailey

SOCIAL SECURITY ADMINISTRATION
OFFICE, Wheeling West Virginia (Branch)
National Rd Wheeling, WV 26003,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Mazzone [Doc. 5] and the *pro se* objections thereto [Docs. 7, 8, & 10]. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the R&R under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. *See* **Webb v. Califano**, 468 F.Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to those portions of the R&R to which the plaintiff objected. The remaining portions of the R&R will be reviewed for clear error. As a result, it is the opinion of this Court that the R&R should be **ADOPTED**.

Construing the *pro se* Complaint liberally, plaintiff alleges that the Social Security Administration Office violated his right to due process by not appointing counsel when he

1

appeared in front of an Administrative Law Judge ("ALJ"). Sears asserts that an individual can never appear in such a proceeding without a lawyer, and his appearance without an attorney makes his Social Security Appeal invalid. [Doc. 1 at 2]. On September 17, 2020, Magistrate Judge Mazzone issued his R&R, in which he identified that

> While a social security claimant has the right to be represented by counsel at an administrative hearing under the Social Security Act, such a claimant is not required to be represented at a Social Security Proceeding.

[Doc. 5 at 2], citations omitted. Accordingly, the Magistrate Judge found that the Complaint fails to state a claim upon which relief can be granted and recommended the case be dismissed without prejudice and the Motion to Proceed *in forma pauperis* be denied as moot.

The plaintiff in this case filed three separate documents stating objections [Docs. 7, 8, & 10]. Therein, plaintiff reasserts that he should not have had to represent himself in front of the Social Security Administration, that he is due back pay, that he needs to have a subpoena issued for the CEO of Weirton hospital, and that he "is asking that Courts 'suppress evidence' on all grounds." *See* [Docs. 7 at 1, 8 at 1, & 10 at 1]. However, nowhere in his objections does plaintiff raise any reason why the Magistrate Judge is incorrect in his finding that plaintiff was not entitled to be represented by counsel at his Social Security proceeding. This Court finds the same. *See **Marsh v. Harris**,* 632 F.2d 296, 300 (4th Cir. 1980) (The Secretary of Health, Education, and Welfare has no duty to insist that claimant have counsel.). Accordingly, the plaintiff's objections are overruled.

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 5]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the Magistrate Judge's report. Accordingly, the plaintiff's

objections **[Docs. 7, 8, & 10]** are **OVERRULED**. This Court **ORDERS** that the Complaint **[Doc. 1]** be **DISMISSED WITHOUT PREJUDICE**, and the Motions for Leave to Proceed *in forma pauperis* **[Docs. 2 & 9]** are **DENIED AS MOOT**. The Court further **DIRECTS** the Clerk to enter judgment in favor of the defendant and **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED**: October 16, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE